# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF TEXAS
# SAN ANTONIO DIVISION

| | |
|---|---|
| **DANIEL DONNELLY and MARY FOX,** § | |
| § | |
| Plaintiffs, § | |
| § | CIVIL ACTION NO. 5:19-cv-882 |
| vs. § | |
| § | |
| **NISSAN MOTOR CO., LTD., and** § | |
| **JORGE RODRIGUEZ,** § | |
| § | JURY |
| Defendants. § | |

## NISSAN MOTOR CO., LTD.'S
## NOTICE OF REMOVAL

TO THE HONORABLE UNITED STATES DISTRICT JUDGE:

Pursuant to the terms and provisions of 28 U.S.C. §§ 1332, 1441, and 1446, Nissan Motor Co., Ltd. ("NML"), in the cause styled "*Daniel Donnelly and Mary Fox v. Nissan Motor Co., Ltd. and Jorge Rodriguez,*" originally pending as Cause No. 2018-CI-22606 in the 225th Judicial District Court of Bexar County, Texas, files this Notice of Removal of the cause to the United States District Court for the Western District of Texas, San Antonio Division. In support of this Notice of Removal, NML alleges and states as follows:

## I.
## BACKGROUND

1. This product liability lawsuit arises out of a motor vehicle accident that occurred on October 21, 2017.[1] Plaintiffs Daniel Donnelly and Mary Fox allege that their daughter, Heather Donnelly, was driving a 2015 Nissan Sentra northbound on Highway 281 in Bexar County, Texas [sic][2] when, according to Plaintiffs' Petition, Defendant Jorge Rodriguez – who was driving a vehicle southbound on Highway 281 evading police – crossed into the northbound

---

[1] See Plfs.' First Amended Pet. at ¶ 8, attached as Exhibit 1.
[2] The subject accident occurred in Comal County, Texas according to the Texas Peace Officer's Crash Report at 1, attached as Exhibit 2.

**NISSAN MOTOR CO., LTD.'S**
**NOTICE OF REMOVAL**                                                                                        **PAGE 1**

lanes and collided with the subject Nissan Sentra.[3]  Plaintiffs claim that as a result of the accident, Heather Donnelly sustained fatal injuries.[4]

2.      On November 30, 2018, Plaintiffs filed their original action in the 225th Judicial District Court of Bexar County, Texas, naming Nissan Motor Co., Ltd. and Jorge Rodriguez as defendants.[5]  Plaintiffs asserted negligence claims against Jorge Rodriguez[6] and strict liability claims for defective design, manufacture, and marketing against NML.[7] Jorge Rodriguez, however, died in the subject crash on October 21, 2017.[8]

3.      On July 18, 2019, counsel for NML conferred with Plaintiff's counsel concerning the removal of this action to federal court.  Counsel for NML advised Plaintiff's counsel that Jorge Rodriguez was deceased making NML the only properly named defendant in this matter.

4.      On July 22, 2019, Plaintiffs filed their First Amended Petition adding Bryan Marquez and Thomas LaFleur as Defendants.[9]  In their Amended Petition, Plaintiffs claim that Bryan Marquez and Thomas LaFleur "owned the [vehicle operated by Rodriguez at the time of the crash] or had a superior right to control the [vehicle] and permitted Rodriguez to use the vehicle even though they knew or should have known Rodriguez was an unlicensed, incompetent and/or reckless driver."[10]

5.      Plaintiffs did not serve NML with a copy of their Amended Petition despite the fact that NML had entered an appearance in the case on July 12, 2019.[11]  Counsel for NML learned of the filing of Plaintiffs' Amended Petition on July 24, 2019 while preparing the accompanying exhibits for this Notice of Removal.

---

[3] Ex. 2 at 2.
[4] See Ex. 1 at 14.
[5] See Plaintiffs' Original Pet. at 1 attached hereto as Exhibit 3.
[6] Id. 3 at ¶¶ 46-51.
[7] Id. 3 at ¶¶28-45
[8] Ex. 2 at 1 (injury severity for Jorge Rodriguez reported as "K" – killed).
[9] Ex. 1 at ¶¶6-7.
[10] Ex. 1 at ¶¶ 78-83.
[11] See NML's Motion to Transfer Venue, Special Exceptions, and Subject Thereto, Original Answer to Plaintiffs' Original Petition, attached as Exhibit 4.

## II.
## BASIS OF REMOVAL: DIVERSITY JURISDICTION

6.     This matter is removable to this Court under 28 U.S.C. § 1441 because the Court has original jurisdiction under 28 U.S.C. § 1332(a)(3) based on diversity of citizenship and an amount-in-controversy exceeding $75,000, exclusive of interest and costs.

**A.     The amount-in-controversy requirement is satisfied.**

7.     Pursuant to 28 U.S.C. § 1446(c)(2), if removal is sought based on diversity jurisdiction under 28 U.S.C. § 1332, "the sum demanded in good faith in the initial pleading shall be deemed to be the amount in controversy."  In their Petition, Plaintiffs claim they "are seeking monetary relief of over $1,000,000.00".[12]  The amount in controversy thus far exceeds the $75,000 jurisdictional minimum of this Court.

**B.     Complete diversity exists as to all parties.**

8.     There is complete diversity between Plaintiffs and all Defendants, or alternative, all properly joined Defendants in this action.

9.     Plaintiff Daniel Donnelly, at the time of the initial filing of this action and at the current time of the removal of this action, is a citizen and resident of the State of Illinois and domiciled in the State of Illinois.[13]

10.     Plaintiff Mary Fox at the time of the initial filing of this action and at the current time of the removal of this action is a citizen and resident of the State of Illinois and domiciled in the State of Wisconsin.[14]

11.     NML is a company existing under the laws of Japan with its principal place of business and corporate headquarters in Japan.  As such, NML is a citizen of a foreign state, as defined in 28 U.S.C. § 1603 for purposes of determining diversity.  As such, NML is not and has not been

---

[12] Ex. 1 at ¶ 7.

[13] See Voter's Certificate of Registration for Daniel Donnelly, attached as Exhibit 5; see also Fairley v. Ford, CV H-17-1639, 2017 WL 3507015, at *2 (S.D. Tex. Aug. 16, 2017) (courts may consider the place where the litigant exercises civil and political rights, such as voting, to show domicile).

[14] *My Voter Information,* MY VOTE WISCONSIN, https://myvote.wi.gov/en-US/MyVoterInformation (last visited July 23, 2019), attached as Exhibit 6.

a citizen of the State of Texas.

12. According to Plaintiffs' Original Petition, Defendant Jorge Rodriguez, "is an individual and process of service may be had upon this Defendant by serving him at his residence, 6618 S. Zarzamora, San Antonio, Texas 78211 or wherever he may be found."[15] This statement, however, is inaccurate. Jorge Rodriguez died in the subject accident. As a matter of law, his death removed him as a party because "a suit cannot be maintained against a dead man."[16] Texas federal courts also have recently analyzed this issue and concluded that deceased individuals are not proper parties because they are deceased.[17]

13. Defendant Bryan Marquez, at the time of the initial filing of this action and at the current time of the removal of this action, is a citizen and resident of the State of Texas and domiciled in the State of Texas.[18]

14. Defendant Thomas LaFleur, at the time of the initial filing of this action and at the current time of the removal of this action, is a citizen and resident of the State of Texas and domiciled in the State of Texas.[19]

15. As show above, complete diversity between Plaintiffs and all Defendants, or alternatively, the only remaining properly named defendant – NML, see discussion below.[20]

**C.  Improper Joinder**

16. In the alternative, Jorge Rodriguez's, Bryan Marquez's, and Thomas LaFleur's citizenship must be disregarded for the purpose of analyzing whether diversity jurisdiction exists in this lawsuit because their joinder would be improper.[21]

---

[15] Ex. 1 at ¶ 5 (emphasis added).
[16] Bevers v. Brodbeck, 07-04-0475-CV, 2006 WL 2795347, at *1 n. 3 (Tex. App. – Amarillo Sept. 29, 2006, pet. denied) (quoting First Nat. Bank in Dallas v. Hawn, 392 S.W.2d 377, 379 (Tex. Civ. App. – Dallas 1965, writ ref'd n.r.e.).
[17] See e.g., Parker v. Bill Melton Trucking, Inc, 3:15-CV-2528-G, 2015 WL 5923996, at *2 (N.D. Tex. Oct. 9, 2015) (denying plaintiff's motion to remand).
[18] Ex. 1 at ¶ 6.
[19] Ex. 1 at ¶ 7.
[20] 28 U.S.C. § 1332(a)(1).
[21] See Jernigan v. Ashland Oil Inc., 989 F.2d 812, 817 (5th Cir. 1993) (holding that citizenship of improperly joined party is to be disregarded for purposes of determining jurisdiction); Burden v. Gen

17. A party is improperly joined when there is no reasonable basis for predicting Plaintiffs will be able to establish liability against the party on the pleaded claims in state court.[22] To establish improper joinder, the removing party must demonstrate either: (1) actual fraud in the pleading of jurisdictional facts, or (2) inability of the plaintiff to establish a cause of action against the non-diverse party in state court.[23]

18. As to Defendant Jorge Rodriguez, for the reasons articulated in Paragraph 12, Plaintiffs are unable to establish a cause of action against Jorge Rodriguez because Plaintiffs' suit cannot be maintained against a deceased individual (in his individual capacity as is the case here).

19. As to Defendants Bryan Marquez and Thomas LaFleur, there is no reasonable basis for the district court to predict that the Plaintiffs might be able to recover against these in-state defendants. In the "Facts" section of Plaintiffs' Amended Petition, Plaintiffs assert that Defendants Marquez and LaFleur "upon information and belief" owned or had superior right of control over the vehicle driven by Defendant Rodriguez,[24] and that "upon information and belief", "knew or should have known that Jorge Rodriguez was an unlicensed, incompetent, or reckless driver, but nevertheless Bryan Marquez and/or Thomas LaFleur permitted Jorge Rodriguez to use the Mitsubishi vehicle."[25]

20. Based on these alleged statements, Plaintiffs have presumably asserted negligent entrustment claims against Marquez and LaFleur as Plaintiffs merely repeat these general statements in their "Causes of Action" section.[26] Under Texas law, proof of negligent entrustment requires: (1) entrustment of a vehicle by the owner; (2) to an unlicensed, incompetent, or reckless driver; (3) that the owner knew or should have known to be unlicensed, incompetent, or reckless; (4) the driver's negligence on the occasion in question;

---

Dynamics Corp., 60 F.3d 213, 218 (5th Cir. 1995).
[22] Smallwood v. Ill. Cent. R.R. Co., 385 F.3d 568, 573 (5th Cir. 2004) (en banc) (citing Travis v. Irby, 326 F.3d 644, 646–47 (5th Cir. 2003)).
[23] Id.
[24] Ex. 1 at ¶¶ 15-16.
[25] Id. at ¶17.
[26] Id. at ¶¶ 78-83.

(5) proximately caused the accident.[27] Notably, foreseeability requires some indication that the defendant knew or should have known of the driver's incompetence at the time of entrustment.[28] Here, Plaintiffs make no attempt to address this critical element of their cause of action, nor do they point to any factual allegation that would support this element. Nowhere do Plaintiffs allege any negligent action on the part of Rodriguez prior to the vehicle's entrustment that would have led to foreseeable misconduct on Rodriguez's part. As such, Plaintiffs' Petition fails to state a claim for negligent entrustment leaving no reasonable basis for the district court to predict that the Plaintiffs might be able to recover against Defendants Marquez and LaFleur. Plaintiffs' Petition is subject to the federal pleadings requirements,[29] and the federal rules explicitly provide that they "apply to a civil action after it is removed from a state court," despite the fact that "repleading is unnecessary" after removal. The implication of these provisions "is that a complaint—even if filed in state court and based on state law claims—is automatically subject to federal pleading requirements after removal."[30]

21. Plaintiffs' joinder of Defendants Marquez and LaFleur was improper and their citizenship should thus be disregarded for purposes of determining whether diversity of citizenships exists between the parties.

22. Removal is thus proper because there is complete diversity between Plaintiffs and the only remaining properly named Defendant, NML.

### III.
### CONSENT

23. There are no properly joined and served co-defendants in this action and there is no need to obtain the consent of improperly joined defendants.[31] Thus, because Jorge Rodriguez

---

[27] Rosell v. Central W. Motor Stages, Inc. 89 S.W.3d 643, 655 (Tex. App. – Dallas 2002, pet. denied).
[28] See Goodyear Tire & Rubber Co. v. Mayes, 236 S.W.3d 754, 758 (Tex. 2007).
[29] See Int'l Energy Ventures Mgmt., L.L.C. v. United Energy Group, Ltd., 818 F.3d 193, 203 (5th Cir. 2016) (opinion expressly required use of the federal, not a state, pleading standard when testing for improper joinder).
[30] King v. Jarrett, 2016 WL 11581949, at *5 (W.D. Tex. June 17, 2016) (internal citations omitted).
[31] See Ashland Oil Inc., 989 F.2d at 815 (requiring consent of improperly joined parties would be

is deceased and not a party to the case or, alternatively, is improperly joined, his consent in this removal is not required.

## IV.
## REMOVAL IS TIMELY

24.     NML timely removes this case under 28 U.S.C. § 1446(b) because this Notice of Removal comes within 30 days following service of Plaintiffs' Original Petition on NML, the last remaining non-diverse, properly joined party.[32]  Additionally, this Notice of Removal comes within one year after the commencement of Plaintiff's suit.[33]  NML's Notice of Removal is thus timely.

## V.
## NOTICE TO STATE COURT

25.     A copy of this Notice of Removal is being filed with the Clerk of the 225th Judicial District Court of Bexar County, Texas, and is being served upon all parties, in accordance with 28 U.S.C. § 1446(d).

## VI.
## STATE COURT FILINGS

26.     In accordance with 28 U.S.C. Section 1446(a), copies of all executed processes, pleadings and orders, as well as the docket sheet, and an index of all pleadings relating to the Action and previously filed with the 225th Judicial District Court of Bexar County, Texas are attached under Exhibit 8 for the Court's reference.

---

nonsensical).
[32] 28 U.S.C. § 1446(b)(2)(B); see Service of Process Transmittal for NML, attached as Exhibit 7.
[33] See 28 U.S.C. § 1446(c)(1).

Respectfully submitted,

/s/ Yesenia E. Cárdenas-Colenso
**J. KARL VIEHMAN** (Attorney-in-Charge)
State Bar No. 20579390
Karl.Viehman@bowmanandbrooke.com
**YESENIA E. CÁRDENAS-COLENSO**
State Bar No. 24047542
Yesenia.cardenas@bowmanandbrooke.com
**BOWMAN AND BROOKE LLP**
5830 Granite Parkway, Suite 1000
Plano, Texas 75024
Telephone (972) 616-1700
Telecopier (972) 616-1701

**ATTORNEYS FOR DEFENDANT,
NISSAN MOTOR CO., LTD.**

## CERTIFICATE OF SERVICE

On July 24, 2019, I electronically submitted the foregoing document with the clerk of court for the U.S. District Court, Western District of Texas, using the electronic case filing system of the court. I hereby certify that I have served all counsel of record electronically or by another manner authorized by Federal Rule of Civil Procedure 5(b)(2).

/s/ Yesenia E. Cárdenas-Colenso