UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF TEXAS
SAN ANTONIO DIVISION

**DANIEL DONNELLY, et al.,**
        **Plaintiffs,**

v.                                                                          Case No. 5:19-CV-0882-JKP

**NISSAN MOTOR CO., LTD., et al.,**
        **Defendants.**

### MEMORANDUM OPINION AND ORDER

The Court has under consideration *Plaintiffs' Motion to Remand* (ECF No. 4) and *Nissan Motor Co., Ltd.'s Opposed Motion for Leave to File Sur-Reply* (ECF No. 10). The motion to remand is fully briefed. No one has filed a response to the motion for leave. Both motions are ripe for ruling. For the reasons that follow, the Court grants leave to file the surreply and denies the motion to remand.

### I. BACKGROUND

On October 21, 2017, a police officer stopped a 2003 Mitsubishi Diamante driven by Jorge Rodriguez with a single passenger, Bryan Marquez. After the officer asked Rodriguez to exit the vehicle, Rodriguez sped away as Marquez jumped out of the passenger door. The ensuing chase ended with Rodriguez crashing into a 2015 Nissan Sentra driven by Plaintiffs' daughter. Rodriguez died at the scene and Plaintiffs' daughter died two days later.

Thirteen months later, Plaintiffs filed suit in state court against Nissan Motor Co., Ltd. ("NML") and Jorge Rodriguez. *See* ECF No. 1-3. On July 22, 2019, Plaintiffs filed a First Amended Petition to add claims against the Estate of Jorge Rodriguez, Bryan Marquez, and Thomas LaFleur. *See* ECF No. 1-1. Plaintiffs alleged that NML is a foreign corporation and the other defendants are residents of Texas. *See id.* ¶¶ 4-7. They further alleged that Marquez and LaFleur either "owned the Mitsubishi vehicle or . . . had a superior right of control of the

Mitsubishi vehicle." *Id.* ¶¶ 15-16. In addition, they alleged that those individuals permitted Rodriguez to use the Mitsubishi vehicle even though they either "knew or should have known that Jorge Rodriguez was an unlicensed, incompetent, or reckless driver." *Id.* ¶ 17. They asserted a claim of negligent entrustment against Marquez and LaFleur. *See id.* ¶¶ 78-83.

Two days later, NML removed the state action to this Court on the basis of diversity jurisdiction. *See* Notice of Removal (ECF No. 1). It stated that there is complete diversity between Plaintiffs (non-citizens of Texas) and all properly joined defendants. *Id.* ¶ 8. It argued that Plaintiffs cannot pursue a claim against Rodriguez individually because he is dead. *Id.* ¶¶ 12, 18. It also argued that Plaintiffs improperly joined Marquez and LaFleur as defendants. Id. ¶¶ 16-22.

Plaintiffs filed the instant motion to remand a week after removal. The parties have briefed the motion and NML seeks leave to file a surreply to conclude the briefing.

## II. MOTION FOR LEAVE TO FILE SURREPLY

NML moves for leave to file a surreply purportedly to respond to new arguments raised for the first time by Plaintiffs in their reply in support of the motion to remand. It states that "Plaintiffs' Reply contains matters that require correction and response by NML and that NML did not previously have the opportunity to address in NML's Response." Although the motion does not identify with any specificity the new arguments purportedly made in the reply brief, the proposed surreply adequately does so and succinctly addresses the arguments.

As a general practice, neither the Federal Rules of Civil Procedure nor the local rules of this Court permit the filing of a surreply. But the local rules do contemplate a party seeking leave to file a post-reply submission. *See* W.D. Tex. Civ. R. 7(f)(1). Furthermore, because Plaintiffs have filed no response to the motion for leave, the Court could grant the motion as unopposed. *See* W.D. Tex. Civ. R. 7(e)(2). While such practice is permissible, resorting to it in the context of leave to file a surreply may unnecessarily downplay the importance of a proper response to a mo-

2

tion as well as permitting briefing that is simply unwarranted.

Although surreplies "are heavily disfavored," it is within the sound discretion of the courts to grant or deny leave to file such additional briefing. *Warrior Energy Servs. Corp. v. ATP Titan M/V*, 551 F. App'x 749, 751 n.2 (5th Cir. 2014) (per curiam) (quoting *Weems v. Hodnett*, No. 10-CV-1452, 2011 WL 2731263, at *1 (W.D. La. July 13, 2011)). Because "the scope of the reply brief must be limited to addressing the arguments raised" in the response or memorandum in opposition, *Petty v. Portofino Council of Coowners, Inc.*, 702 F. Supp. 2d 721, 729 n.3 (S.D. Tex. 2010) (citation omitted), and "it is improper for the movant to sandbag and raise wholly new issues in a reply memorandum," *Weems*, 2011 WL 2731263, at *1, the need for post-reply briefing should be rare. As aptly explained in *Weems*,

> This court's experience, shared by others in reported decisions, is that surreplies often amount to little more than a strategic effort by the nonmovant to have the last word on a matter. The fourth brief usually just repeats arguments from the memorandum in opposition and serves only to delay resolution of the underlying motion. Accordingly, it is proper to deny a motion for leave to file a surreply where the party fails to demonstrate exceptional or extraordinary circumstances warranting the relief sought. In other words, in seeking leave to file a surreply brief, a party must identify the new issues, theories, or arguments which the movant raised for the first time in its reply brief.

*Id.* (citations omitted).

Of course, as recognized by the Fifth Circuit, "[a]rguments raised for the first time in a reply brief are generally waived." *Jones v. Cain*, 600 F.3d 527, 541 (5th Cir. 2010). Such waiver often reduces a need for a surreply. Nevertheless, granting leave to file a surreply in extraordinary circumstances "on a showing of good cause" is a viable alternative to the general practice to summarily deny or exclude "all arguments and issues first raised in reply briefs." *Layne Christensen Co. v. Bro-Tech Corp.*, No. CIV.A. 09-2381-JWL, 2011 WL 3880830, at *1 n.1 (D. Kan. Aug. 31, 2011) (citation omitted).

The Court finds that the circumstances warrant granting leave for NML to file its surre-

ply. NML clearly identifies the new arguments addressed by the surreply. It directly and briefly addresses them in the proposed fourth brief. It does not appear that NML is merely wanting to have the last word. Nor does it appear that Plaintiffs were sandbagging or raising new issues in their reply that are wholly unrelated to matters argued in the response. The circumstances do not justify summarily denying or excluding the arguments first raised in the reply brief when the Court has the viable alternative to consider the submitted surreply. NML has shown good cause under the circumstances. Considering the surreply is preferable to not considering Plaintiffs' new arguments. Accordingly, the Court will consider the surreply (ECF No. 11) already filed.

### III. MOTION TO REMAND

Through their motion to remand, Plaintiffs argue that this case involves no improper joinder and the presence of local defendants make removal improper. At no point do they make any effort to contest that they are non-citizens of Texas. Their arguments for remand focus on the Texas-citizenship of some defendants which they contend were properly joined. NML responds that, while the presence of forum-resident defendants may prevent removal in some circumstances, the failure of Plaintiffs to serve any such defendant prior to removal negates that prohibition on removal. Alternatively, they argue improper joinder of the Texas citizens.

In general, "any civil action brought in a State court of which the district courts of the United States have original jurisdiction, may be removed by the defendant or the defendants, to the district court of the United States for the district and division embracing the place where such action is pending." 28 U.S.C. § 1441(a). There is no dispute, furthermore, that 28 U.S.C. § 1332(a) provides the federal courts with original jurisdiction over all civil actions between "citizens of different States" when the amount "in controversy exceeds the sum or value of $75,000, exclusive of interest or costs." However, a "civil action otherwise removeable solely on the basis of the jurisdiction under section 1332(a) of this title may not be removed if any of the parties in

interest properly joined and served as defendants is a citizen of the State in which such action is brought." *See id.* § 1441(b)(2).

The Federal Rules of Civil Procedure provide a means for a party to move to remand a removed action to state court. *See* 28 U.S.C. § 1447(c). "Because removal raises significant federalism concerns, the removal statute is strictly construed 'and any doubt as to the propriety of removal should be resolved in favor of remand.'" *Gutierrez v. Flores*, 543 F.3d 248, 251 (5th Cir. 2008) (quoting *In re Hot-Hed, Inc.*, 477 F.3d 320, 323 (5th Cir. 2007)). "Any ambiguities are construed against removal and in favor of remand to state court." *Mumfrey v. CVS Pharmacy, Inc.*, 719 F.3d 392, 397 (5th Cir. 2013). The removing party has the burden to show "that federal jurisdiction exists and that removal was proper." *Scarlott v. Nissan N. Am., Inc.*, 771 F.3d 883, 887 (5th Cir. 2014) (quoting *Mumfrey*, 719 F.3d at 397).

NML removed this case solely on the basis of diversity jurisdiction. The parties do not dispute that the jurisdictional amount is satisfied in this case. Additionally, diversity jurisdiction exists in this case whether or not Plaintiffs properly joined any Texas citizen. This is so, because Plaintiffs are not citizens of Texas and share no state citizenship with NML. This is not a case where the plaintiffs joined a Texas citizen to defeat diversity jurisdiction. In this case, the joinder of a Texas citizen as a defendant is relevant only to the extent it may prevent removal under the forum-defendant rule of § 1441(b)(2).

The removal of this case unquestionably requires compliance with the forum-defendant rule to properly remove the case. If that rule only requires that a forum defendant be properly joined, then its application would dictate that the Court remand this case on grounds that NML improperly removed the action. Just prior to removal Plaintiffs named the estate of Rodriguez as a defendant. Although NML argues that Rodriguez is improperly joined as an individual because

5

of his death, it makes no argument that the estate is improperly joined. There is no dispute that Rodriguez was a citizen of Texas. And "the legal representative of the estate of a decedent shall be deemed to be a citizen only of the same State as the decedent." 28 U.S.C. § 1332(c)(2). Thus, if § 1441(b)(2) is unconcerned with whether the plaintiffs had served a properly joined forum defendant, then the joinder of the estate is sufficient to prevent the removal.

Section 1441(b)(2), however, does not appear to merely require proper joinder. By its terms, it requires that the forum defendant be "properly joined and served." Some courts have effectively removed the service requirement by reasoning "that the purpose of the forum-defendant rule is to restrict diversity jurisdiction where the defendant is a citizen of the state in which the suit was brought and thus has no need of the protection of a federal forum." *Reynolds v. Pers. Rep. of the Estate of Johnson*, 139 F. Supp. 3d 838, 842 (W.D. Tex. 2015) (citing cases). But other courts

> have ruled that the plain language of § 1441(b)(2) bars removal only where the forum defendant was "properly joined and served" at the time of removal, and that the presence of a forum defendant in the action does not render removal improper where the forum defendant was not served at the time of removal.

*Id.* at 841 (same). Because the Fifth Circuit had not weighed in on the matter and the district courts were split as to "whether the forum-defendant rule bars removal where the forum defendant was not served with process at the time of removal," the *Reynolds* court considered the two options and sided with the plain language of the statute. *Id.* at 841-42. In doing so, the court noted its shared "concern that allowing removal prior to service on a forum defendant could allow forum manipulation by defendants," but found that "this concern does not override the plain language of the statute." *Id.* at 842.

Like *Reynolds*, *see id.* at 842-43, this case does not involve any apparent forum manipulation by NML. And this Court agrees that the plain language of the statute controls both as a

6

general proposition and under the circumstances of this case. *See Breitweiser v. Chesapeake Energy Corp.*, No. 3:15-CV-2043-B, 2015 WL 6322625, at *4-7 (N.D. Tex. Oct. 20, 2015) (providing a thorough review of the plain language of 28 U.S.C. § 1441(b)(2) and discussing the absurd result exception to the plain language doctrine). Because NML is a non-forum defendant, its removal of the state case does not manifest an absurd result that might warrant looking beyond the plain language. *See id.* at *6.

Neither the Fifth Circuit Court of Appeals nor the United States Supreme Court have found the plain language of § 1441(b)(2) inapplicable. But, while construing similar language in the removal statute's unanimity requirement, 28 U.S.C. § 1446(b)(2)(A), the Fifth Circuit has expressed that "when removal is effected pursuant to § 1441, only co-defendants who have been 'properly joined *and served*'" must join in or consent to the removal." *Humphries v. Elliott Co.*, 760 F.3d 414, 417 (5th Cir. 2014) (emphasis added by circuit). Although the statement is dicta, it provides some indication that the Fifth Circuit would apply the plain language of § 1441(b)(2) to require that a forum defendant be served before that defendant's joinder precludes removal.

The Court finds the approach and analysis in *Reynolds* persuasive and consistent with the unambiguous statutory language. Thus, § "1441(b)(2) prohibits removal only where a forum defendant has been 'properly joined and served,' and an otherwise proper removal is thus not rendered defective by the presence of a forum defendant in the action who had not been served at the time of removal." *Reynolds*, 139 F. Supp. 3d at 842. Because there is complete diversity between the parties, "and there was no forum defendant properly served at the time of removal . . . remand is not required." *Id.* Furthermore, even if Plaintiffs ultimately serve a forum defendant, that service will "not alter the analysis." *Id.* Courts assess the basis for removal as of the date of removal. *Id.*

Given the lack of service on any forum defendant at the time of removal, the forum-defendant rule poses no obstacle to the removal. The Court finds that NML properly removed this action, remand is not warranted, and there is no need to address the improper joinder doctrine to resolve the motion to remand.

In their reply, Plaintiffs contend that NML has not carried its burden to establish that a local defendant had not been served at the time of removal. They point to a "Supplement to JS 44 Civil Cover Sheet" that lists only Rodriguez as lacking service. But neither that supplement nor the "Civil Case Information Sheet" which NML attached to the notice of removal mention any defendant added by Plaintiffs in their amended state petition. *See* ECF Nos. 1-9 and 1-10. Moreover, as NML states in its surreply, its notice of removal included the state docket sheet (ECF No. 1-8), which shows no request for a citation or service for anyone besides the original defendants NML and Rodriguez. The state docket sheet does not reflect any service or issuance of citation following Plaintiffs' amended petition. The Court finds that the state docket sheet erases whatever doubt that the civil cover sheet may create as to the propriety of removal. Based on the state docket sheet attached to the notice of removal, NML has carried its burden to show a lack of service on any forum defendant. And Plaintiffs provide nothing to rebut that showing or to create ambiguity that could be construed against removal and in favor of remand.

## IV. CONCLUSION

For these reasons, the Court **DENIES** *Plaintiffs' Motion to Remand* (ECF No. 4) and **GRANTS** *Nissan Motor Co., Ltd.'s Opposed Motion for Leave to File Sur-Reply* (ECF No. 10).

SIGNED this 26th day of November, 2019.

JASON PULLIAM
UNITED STATES DISTRICT JUDGE